The judgment of the court (King, J., absent) was pronounced by
Eustis, C. J.
On the 3rd of October 1848, at Tampico, in the Republic of Mexico, the plaintiff, residing in New Orleans, shipped on board the Schooner Renaisance, six bags containing three thousand Mexican dollars, to be delivered in New Orleans, in consideration of two per cent freight. Bills of lading were signed to that effect by the captain. On the arrival of the vessel in this port the specie was demanded according to the contract, and was not delivered. The plaintiff has brought this suit for the amount, against the master and owners, and claims a privilege on the vessel under the section 11 of article 3204 of the code. He had judgment in the district court, and the defendants have appealed.
The question which has been argued before us by the counsel for the defendants, as constituting their defence to the plaintiff’s action, is presented by a bill of exceptions taken on the trial of the cause. The defendants offered to prove that the shipment of specie was made, “ in violation of the revenue laws of Mexico, and in pursuance of an agreement, illegal and corrupt under the revenue laws of that country, between the .shipper and the captain of the schooner, without the knowledge or consent of the consignee, who was regularly authorized to engage freight for said schooner.”
The district judge refused to receive this evidence, on the ground that our courts could not notice or enforce the revenue laws of a foreign country.
*26 We think the rule to be well settled by the jurisprudence of the United States, of England, and of France, that courts do not notice the revenue laws 0f foreign nations in contracts of this kind, and that agreements, having for their object the violation of those laws, maybe enforced in our courts. We prefer to follow what may be considered the established jurisprudence of the leading commercial nations of Christendom, than to adopt the speculations of authors, however plausible and ingenious they may appear.
Pothier, who is the principal authority against this necessary and practical rule, appears to found his reasoning on a refined and rigid morality, rather than on an enlarged view of the state of commerce as it existed in his time, or of its necessary exigencies. There are nations who do not respect their own revenue laws; whose whole commerce is tainted with a violation of them; and the trade with these nations has formed a constituent part of the commerce of the world for more than a century. The subject has been often discussed in France by the most eminent jurists, whose opinions have generally concurred in the necessity of adhering to the established rule, which is one not of speculative morality, but of practical jurisprudence.
There is a show of defence on the ground that the specie was stolen from the schooner in the harbor of Tampico; but even the portion which the defendants themselves concedehas been recovered, some $800, they have not offered to restore to the plaintiff. The case is clearly with the plaintiff on the merits.
It is objected that there is an error in the judgment of the district court of $30, that sum being allowed for freight instead of $60 — two per cent on $3000 —due by the bill of lading. We think the attention of the district judge ought to have been called to this item on a motion for a new trial. We have moi’e than once refused to change judgments and throw the costs on the appellee, where the party had it in his power to have a small error of amount corrected by a proper application in the court of the first instance.
The judgment of the district court is therefore affirmed, with costs.